# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br>　　v.<br>DIEP THI VO, also known as NANCY VO,<br>　　　　　Defendant. | Case No. 15-cr-00310-2-BLF<br><br>**ORDER RE GOVERNMENT'S MOTIONS IN LIMINE**<br><br>[Re: ECF 47, 48, 49, 113, 45, 58] |

The Court held a pretrial conference on June 1, 2017, at which time it heard argument on the Government's four motions in limine (ECF 47, 48, 49, 113) and two notices of intent to offer expert testimony (ECF 45, 48) which the Court construes as motions in limine to permit the described testimony. Defendant's sole motion in limine (ECF 64) previously was denied by the district judge originally assigned to this case and this Court adopts and enforces that order. *See* Order Denying Motion to Suppress Statements, ECF 88. For the reasons stated on the record and set forth below, the Court issues the following rulings regarding the Government's motions:

**(1)　Government's Motion in Limine to Exclude Defendant's Good Faith Defense and Defendant's Hearsay Statements (ECF 47)**

The Government moves to exclude two categories of evidence in this motion in limine: (1) any testimony or evidence offered in support of a good faith mistake of law defense, and (2) Defendant's self-serving hearsay statements.

With respect to the first category, the Government seeks to exclude evidence offered to support a good faith mistake of law defense to charges brought under 18 U.S.C. §§ 286 and 287. In opposition, Defendant argues that she should be permitted to present a defense that she had a

good faith belief that her actions were lawful. At the hearing, Defendant's counsel also asserted that Defendant should be permitted to present a mistake of fact defense. The Government's counsel confirmed that the motion does not seek to preclude evidence offered to support a mistake of fact defense, but is limited to evidence offered to support a mistake of law defense. As so framed, the Government's motion is GRANTED. *See United States v. Defoor*, 625 Fed. App'x 784, 788-89 (9th Cir. 2015) (holding that "ignorance of the law or a mistake of law is no defense to criminal prosecution" under §§ 286 and 287) (internal quotation marks and citation omitted).

With respect to the second category of evidence, Defendant's self-serving hearsay statements, the Government seeks to address a potential situation that may arise if Defendant does not testify at trial. In that circumstance, the Government may seek to offer Defendant's hearsay statements against her, and in particular hearsay statements made in the course of interviews conducted in 2014 by agents of the Internal Revenue Service and the United States Postal Inspection Service. The Government seeks to preclude Defendant from attempting to counter any such hearsay statements with other, self-serving hearsay statements made by Defendant. Defendant argues that it would be unfair to admit Defendant's inculpatory statements without admitting other statements that provide context for the inculpatory statements. A defendant's "non-self-inculpatory statements are inadmissible even if they were made contemporaneously with other self-inculpatory statements," and the rule of completeness does not apply on these facts. *United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000). Accordingly, the Government's motion to exclude Defendant's self-serving hearsay statements is GRANTED.

The Court's ruling does not, however, preclude Defendant's counsel from asking witnesses questions regarding Defendant's demeanor when she made hearsay statements or otherwise probing the context of Defendant's hearsay statements, so long as such probing is not intended to elicit testimony that Defendant made additional, non-self-inculpatory hearsay statements.

**(2) Government's Motion in Limine to Exclude Lay Opinion Interpretations of the Law (ECF 48)**

The Government moves to exclude lay witness opinions offering interpretations of the law. The Government offers three bases for its motion. First, the Government asserts that because

2

mistake of law is not a defense to the charged violations of 18 U.S.C. §§ 286 and 287, the Court should exclude as irrelevant any lay witness evidence offered to show (a) that Defendant possessed an alternative interpretation of the law, (b) what Defendant's interpretation of the law was, or (c) that Defendant believed her conduct to be lawful. In opposition, Defendant reiterates her argument that she should be permitted to present a defense based on her good faith belief that her actions were lawful. As discussed above, that defense is not available to Defendant in this case. Accordingly, to the extent that the Government's motion to exclude lay witness opinion is intended to preclude evidence offered in support of a mistake of law defense, it is GRANTED.

The Government's second basis for the motion is that opinions which are based on technical or specialized knowledge must be qualified expert opinions under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). *See* Fed. R. Evid. 701. And third, the Government asserts that instructing the jury on the law is the province of the Court, not witnesses or the attorneys. *See Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004). Defendant indicates that she does not anticipate eliciting any lay opinion from any witness, but she expresses concern that the Government may inadvertently elicit such opinion. The Court concludes that the admissibility of lay witnesses' opinions properly should be assessed at trial, and therefore consideration of these aspects of the Government's motion is DEFERRED.

**(3) Government's Motion in Limine Pursuant to Rule 609 to Exclude Convictions which are 10 or More Years Old (ECF 49)**

The Government intends to call Defendant's former clients – some of whom have criminal histories – as witnesses at trial. The Government requests that the Court prohibit Defendant from impeaching those witnesses with criminal convictions which are ten or more years old. *See* Fed. R. Evid. 609(b). In opposition, Defendant asserts that she cannot adequately respond without knowing which witnesses are the subjects of the motion. At the hearing, both counsel agreed that they would endeavor to avoid raising criminal convictions that are more than ten years old, and they suggested that the Court defer ruling on the motion. At the request of the parties, consideration of the motion is DEFERRED.

**(4) Government's Motion in Limine Pursuant to Rule 609 to Exclude Convictions Used to Impeach Non-Testifying Witnesses (ECF 113)**

The Government moves to exclude evidence of convictions of non-testifying witnesses. *See* Fed. R. Evid. 609(a). Defendant does not oppose the motion. The motion is GRANTED.

**(5) Government's Notice of Intent to Offer Expert Testimony (ECF 45)**

The Government has filed a notice of intent to offer Revenue Agent Ari Grellas to provide summary expert testimony, which the Court construes as a motion to permit such testimony. Defendant does not oppose the motion. The motion is GRANTED.

**(6) Government's Notice of Intent to Offer Expert Testimony of IRS Criminal Investigations Special Agent Steve Martins (ECF 58)**

The Government has filed a notice of intent to offer Internal Revenue Service Criminal Investigation Special Agent Steve Martins (a) to testify as an expert in Stolen Identity Refund Fraud ("SIRF") investigations and (b) to provide summary expert testimony. The Court construes the notice as a motion to permit such testimony. At the hearing, the Government's counsel withdrew the notice as to testimony regarding SIRF and stated that Agent Martins will be offered only as a summary expert. Defendant's counsel indicated that, as so limited, Defendant does not object to the testimony of Agent Martins. The motion is GRANTED as to the reduced scope of Agent Martins' testimony now offered by the Government.

**IT IS SO ORDERED.**

Dated: June 5, 2017

BETH LABSON FREEMAN
United States District Judge