United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DIEP THI VO,<br><br>Defendant. | Case No. 15-cr-00310-BLF-2<br><br>**ORDER DENYING DEFENDANT VO'S REQUEST TO RECONSIDER ORDER RE GOVERNMENT IN LIMINE RE NON-TESTIFYING GOVERNMENT WITNESSES**<br><br>[Re: ECF 143] |

On June 5, 2017, the Court issued an order addressing several motions in limine brought by the Government, including the Government's Motion in Limine Pursuant to Rule 609 to Exclude Convictions Used to Impeach Non-Testifying Witnesses (ECF 113). *See* Order Re Government's Motions in Limine, ECF 141. In that motion, the Government anticipated that Defendant may seek to admit evidence regarding a drug conviction of Postal Inspector Quan Howard, who was present when Defendant was interviewed by law enforcement officers at her home in February 2014. The Government argued that Federal Rule of Evidence 609, permitting use of a criminal conviction to attack the credibility of a witness in certain circumstances, does not apply because Howard will not be called as a witness at trial. *See* Fed. R. Evid. 609 ("The following rules apply to attacking a *witness's* character for truthfulness by evidence of criminal conviction.") (emphasis added). The Government also argued that the probative value of Howard's conviction is substantially outweighed by the likelihood that evidence of the conviction would confuse the jury, be misleading, or waste time. *See* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay,

wasting time, or needlessly presenting cumulative evidence."). Defendant neither filed written opposition to the Government's motion nor offered oral opposition at the hearing. The Court granted the Government's motion as unopposed. *See* Order Re Government's Motions in Limine at 4, ECF 141.

Defendant now seeks reconsideration of the Court's ruling, requesting "that the court reconsider it s [sic] earlier ruling in the light of the new information." Def.'s Request to Reconsider Order at 1 n.1, ECF 143. The asserted "new information" is that Postal Inspector Howard was not merely present at Defendant's February 2014 interview but read Defendant her *Miranda* rights in Vietnamese before other law enforcement officers interviewed Defendant in English. Def.'s Request to Reconsider Order at 2. Defendant claims that the Government "omitted" this information from its Motion in Limine Pursuant to Rule 609 to Exclude Convictions Used to Impeach Non-Testifying Witnesses (ECF 113). *Id.* Defendant argues that because Howard communicated with Defendant in Vietnamese, Howard may have represented to the law enforcement agents who interviewed Defendant that Defendant is fluent in English. *Id.* Defendant wishes to use Howard's drug conviction to challenge any such representation by Howard regarding Defendant's English fluency and, presumably, the reliability of Defendant's statements. *Id.* at 2-3.

The Court has considered Defendant's motion, *see* ECF 143, the Government's opposition, *see* ECF 145, and Defendant's reply, *see* ECF 146. As an initial matter, the asserted "new information" regarding Howard's role in the February 2014 interview and subsequent drug conviction is not new. Both Howard's translation of the *Miranda* warning and his drug conviction were discussed by Judge Ronald M. Whyte, the judge previously assigned to this case, in his August 2016 order denying Defendant's motion to suppress her statements made during the February 2014 interview and a subsequent March 2014 interview. *See* Order Denying Motion to Suppress Statements, ECF 88. Judge Whyte found that Defendant was not in custody during those interviews, she was read her *Miranda* rights in both Vietnamese and English, and she freely and voluntarily signed a written waiver of rights. *Id.* at 4. Judge Whyte specifically rejected Defendant's argument that her statements were insufficiently reliable to be admitted because she

2

may not have been able to understand and communicate effectively in the English language. *Id.* at 4-5. Judge Whyte found that that argument to be "mere speculation and inconsistent with the record," concluding that "Vo' responses to the agents and the detail provided by her responses belie a lack of understanding or an inability to express herself in English." *Id.* at 5. Consequently, the purportedly "new" information regarding Howard was known to Defendant at latest by August 2016 when Judge Whyte issued his order. The "new" information also was known to this Court, which reviewed and expressly adopted Judge Whyte's August 2016 order when ruling on the motion in limine that is the subject of Defendant's current motion for reconsideration. *See* Order Re Government's Motions in Limine at 1, ECF 141.

Moreover, Defendant presents no authority, and the Court has discovered none, permitting use of a criminal conviction at trial to attack the character of an individual who will not be called as a witness. As the Government points out, Federal Rules of Evidence 608 and 609, governing use of a criminal conviction to attack credibility, apply only to attacks on credibility of a *witness*. *See* Fed. R. Evid. 608, 609. In her reply brief, Defendant relies on the Sixth Amendment, asserting that "[t]his right provides two of [sic] protections for a defendant: the right physically to face those who testify against him, and the right to conduct cross-examination." Def.'s Reply at 3, ECF 146. Those principles are inapplicable here, as Howard will not be called to testify.

Defendant's motion for reconsideration is DENIED.

Dated: June 14, 2017

_____
BETH LABSON FREEMAN
United States District Judge

3